THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISIDOR J. KRESEL, Defendant.

Supreme Court, New York County, June 22, 1932.

Thomas C. T. Crain, District Attorney [James Garrett Wallace of counsel], for the plaintiff.

John W. Davis and Samuel Untermyer [Theodore Kiendl, Edwin F. Blair, Bernard Hershkopf and Francis W. Phillips of counsel], for the defendant.

HARRIS, J. The defendant has moved that the court direct the jury to return a verdict of not guilty. The court has a right to, and should grant that motion only if the proof be as a matter of law insufficient to warrant the jury returning a verdict of guilty.

To establish the crime of perjury it is necessary that the People prove three elements of the crime: the false swearing, the corrupt or willful intent in such false swearing and, thirdly, that the matter falsely and willfully sworn to was material to the issue in the trial.

As to the first element, false swearing, the defense claims that the People have failed to establish the making of the statement before the grand jury, which was denied at the trial of People v. Marcus (261 N. Y. 268). In my opinion, the testimony of the witness Benson, as to the contents of his notes, as corroborated by the testimony of the grand jurors and the attachés of the district attorney's office, if believed by the jury, would be sufficient to establish that the defendant made the statement before the grand jury which the People claim he made, so the court may not direct a verdict in favor of the defendant on this ground.

As to the second element, the corrupt and willful intent of such false swearing, the deliberate and repeated denial of the defendant of the alleged grand jury testimony, his alleged interest in the issue then on trial in the case of People v. Marcus, and his alleged participation in the so-called Bolivar transaction, all of which may be considered on the question of motive, afford enough proof to warrant permitting the jury to pass on the question of the willfulness of the defendant's false swearing, if the jury should find that he had sworn falsely.

As to the third element, the question of materiality, the claim of the People in regard to this is that, though the alleged false swearing — that is, the denial before the trial jury in the action of People v. Marcus — his denial before that jury of an alleged statement before the grand jury — that though that may not have been material on the main issue of the guilt or innocence of the defendants in the case of People v. Marcus — the issue there being, as I understand it, the question of whether these people intentionally,

that is, knowingly, took certain funds for an improper purpose, or used certain funds for an improper purpose — now, their claim is that though this alleged false swearing may not have been material on the main issue of the guilt or innocence of the defendants in the trial, such alleged denial was material on the question of the credit to be given by the jury in the case of *People* v. *Marcus*, in regard to the testimony at such trial of this defendant at bar.

Testimony is deemed material if it may be of substantial influence on the jury in their deliberations as to the merits, or if it might influence the jury in believing or disbelieving the witness' other material testimony, that is, other testimony of the witness which directly bears on the merits of the action, that is, if it could influence the jury to believe or disbelieve the witness. For instance, if the witness made a statement bearing on the main issue at a trial, and denied that he made a prior contradictory statement at another time, when he has really made such positive, contradictory statement, his denial, if made knowingly and with corrupt intent, is perjury. If the testimony, even though false, has not this probative value, then it is not to be the basis of a charge of perjury.

In the case at bar the question of materiality depends on whether the defendant, at the trial of *People* v. *Marcus*, made a denial of a previous positive, contradictory statement. He is quoted by the People as saying before the grand jury: " But the very fact that it was passed through that way indicates that there was something suspiciously wrong about it. I would have nothing to do with that sort of a transaction. It is unfortunate that the man who was in my employ was the man who had charge of it."

Now, that is the matter that he is alleged to have denied before the trial jury, and the question arises: Was that a statement of fact, or a characterization, a viewpoint or opinion expressed by the witness Kresel before the grand jury?

It divides itself into three parts. His statement: " But the very fact that it was passed through that way indicates that there was something suspiciously wrong about it," is one part; that is clearly an opinion. " I would have nothing to do with that sort of a transaction," may be a denial of participation as a fact. " It is unfortunate that the man who was in my employ was the man who had charge of it " is clearly a viewpoint or opinion.

Now the question arises: Was this second portion a statement of fact or a characterization, that is, an opinion on the type of transaction? If a characterization or an opinion, it would have been of no value for the jury in *People* v. *Marcus* as bearing on the credit to be given to Kresel's testimony at such trial. It is important that the court, I think, should now state that if the original trial jury had been called on to pass upon the question that was originally

brought before them, as to the good faith of the parties, and Mr. Kresel had been permitted to testify that he had given them a legal opinion, or if he so testified, then what he said before the grand jury might have been material, even as an opinion, because it would have tended to contradict the proof that he gave the advice that he said he gave his clients and his clients said he gave them. But that is not the question before us now. What I have to determine here is whether this is a characterization or a statement of fact and, if it were a statement of fact, was it inconsistent with his testimony at the trial? To determine so it would be necessary to consider that portion that I have said was the second statement, *i. e.,* " I would have nothing to do with that sort of a transaction," in the sense of " I had nothing to do with the Bolivar transaction as finally carried out."

Now, how can I give these words this construction, when the grand jury minutes show that this defendant, there before the grand jury and at the same time testified that at a conference the plan was outlined, at his instructions it was submitted to the State Superintendent of Banking, and that later he passed on a contract embodying the transaction? To give the quotation such a construction would not only compel me to take it out of the text, but I would have to torture the words themselves.

Now, it is apparent to me that the words alleged to have been used by the defendant here before the grand jury were — if he did utter such words, and for the purpose of this motion I must consider that he did — purely and simply his viewpoint, his characterization, his opinion, which he wished the grand jury to believe was his stand as to the morality of the transaction. If so, his denial or his affirmance before the trial jury in the case of *People* v. *Marcus,* as a matter of law legally could have no weight or influence in the deliberations of such jury as to the innocence or guilt of Marcus and Singer and their codefendants. I am, therefore, constrained to say that his denial of such alleged words was immaterial, and that I must grant the motion on that ground alone.

I will have the jury in, and I will give them their directions.

Mr. Davis: If the court please, I want to make perfectly clear —

The Court: Yes, Mr. Davis.

Mr. Davis: On this direction, I want to make perfectly clear, so that there is no misconstruction by the press, that your Honor is not, by assigning this ground for granting the motion, in any sense deciding that it has been proven that he made this particular statement.

The Court: No, but for the sake of the argument I must assume that that was true.

(The jury was summoned into the jury box.)

The Court: Now, gentlemen of the jury, at the outset of this trial you were informed that your function would be to pass on questions of fact, if those questions arose, and that of the court was to pass on questions of law. In any criminal action the court at the close of the People's case, determines whether or not, as a matter of law, the People have proven sufficient facts which, uncontroverted, would warrant a jury in finding the defendant guilty. In a prosecution for perjury it is incumbent on the court to determine, as a matter of law, whether the false swearing, if there be proof of false swearing, relates to a material fact; and by a material fact, we mean just this: a fact that might influence a jury in its decision. That is to say, in this lawsuit, it is necessary for the court to determine whether the testimony of Mr. Kresel before the trial jury in the case of *People* v. *Marcus* might have influenced the decision of that jury.

Perjury involves materiality, that is, it involves the question: Was something said that might influence the jury? Without the materiality involved, the fact that there is false swearing and corrupt intent does not constitute a crime.

For years there has been an endeavor, before the Legislature, to get the Legislature to establish a crime of false swearing, that is, to establish a crime that would consist of a person at a hearing or trial, under oath, swearing falsely intentionally to something that was not true, making that a crime, whether the statement was material or not. The Legislature has refused to do so, as a matter of public policy, so, in a trial for perjury, if there is to be a prosecution for false swearing with a corrupt intent, it is necessary that there be materiality.

Now, I have held, as a matter of law, on the proof made by the People before this court and jury that the denial made by the defendant here was not material in the issue involved in the case of *People* v. *Marcus;* that is, in other words, that even if he did swear falsely — and I am not saying that he did, because that would have been a question for you gentlemen to pass on, if the case went to you — that even if he did swear falsely, what he did swear to could not have affected the verdict of that other jury, and that, therefore, the People have failed to prove sufficient to put the defendant on his proof and to send this case to the jury. This being so, as a matter of law, it becomes my duty to direct you to return a verdict of not guilty in favor of the defendant.

Now, before you return that verdict, gentlemen, I want to say this: that I have never had the opportunity to preside at a trial where the case has been so ably handled by the People and by the defense. There has been no unpleasantness throughout this trial,

although there were very serious questions involved; and that is due, gentlemen, I think, to the type of counsel that have appeared before us, to their study and understanding of their case. I have worked with Mr. Wallace, the assistant district attorney, before; I know he is conscientious, I know he is able, I know he will try his case honestly and to the best of his ability and to the best of the facts; and the fact that I am directing a verdict against him does not in any way bear against his abilities, because the county is fortunate in having a man of his type to try its criminal lawsuits.

So far as the defense is concerned, Mr. Kresel has been very ably defended by noted counsel. The court thanks both groups of counsel for the manner in which they have conducted this trial.

Now, you gentlemen have been very attentive, you have not been here as long as you thought you would be, and the court thanks you for your attention and your service, and now directs you to return a verdict of not guilty, in favor of the defendant.

(By direction of the Court the jury returned a verdict finding the defendant Isidor J. Kresel not guilty, as charged in the indictment.)

The Court: Gentlemen, you are excused, with the thanks of the court.

The Clerk: Are there any further charges?

Mr. Wallace: No further charges with which this jury is concerned.

The Court: No, there is another charge, I understand on which Mr. Kresel is out on bail.

Mr. Wallace: Yes.

The Court: And the court will discharge this jury and dismiss this indictment. (See *People* v. *Marcus*, 261 N. Y. 268.)